United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60863
Summary Calendar

ALI HUSSAIN VIRANI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 999 848
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Ali Hussain Virani petitions for review of an order of the
Board of Immigration Appeals (BIA) affirming the immigration
judge's decision to deny his application for withholding of removal
under both the Immigration and Nationality Act (INA) and the
Convention Against Torture (CAT).  Virani argues that the BIA erred
in determining that he had not established past persecution based
on his political affiliation or that it was more likely than not
that he would be tortured if he were returned to Pakistan.  He
contends that he established his eligibility for withholding of

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal under both the INA and the CAT by adducing evidence that he was arrested because of his political activities and that he was beaten and deprived of food while incarcerated.

The record evidence in the instant case does not compel a conclusion contrary to the BIA's determination that Virani was not entitled to withholding of removal under the INA. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). The record evidence also fails to establish that Virani has a reasonable fear of future persecution based on his political associations, especially because he is no longer a member of the PML. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

Virani's CAT claim is also without merit, as he has failed to show that he will likely be tortured if he is returned to Pakistan. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Virani's petition for review is DENIED.